James F. JONES, Plaintiff—Appellant,

v.

NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; Sean O'Keefe, Administrator of NASA, Defendants—Appellees.

No. 03–15080.

D.C. No. CV–01–20721–PVT.

United States Court of Appeals, Ninth Circuit.

Submitted April 30, 2003.*

Decided July 23, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

### MEMORANDUM**

James F. Jones appeals from the district court's grant of summary judgment to the defendants in his employment discrimination suit. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.[1]

■ The district court concluded that Jones had not timely exhausted his administrative remedies, because he did not notify the Equal Employment Opportunities Commission that he intended to reinstate his complaint within thirty days of when Jones became aware that the defendants breached the settlement agreement. *See* 29 C.F.R. § 1614.504. It is a disputed question of fact whether Jones knew or should have known of the alleged breach in July 2000, when Jones learned that the personnel office at Ames Research Center reacted negatively to the mention of his name, or on September 28, 2000, when he was not offered a permanent position at Ames. This disputed factual issue cannot be resolved at summary judgment.

■ The district court also held that it was a question of fact whether Jones's post traumatic stress disorder ("PTSD") prevented him from being capable of entering into the settlement agreement on June 22, 2000, but that it was undisputed that Jones ratified the agreement by accepting his remaining two monthly payments. Jones's statements that he started to understand the agreement and that his PTSD improved after he left Dryden Flight Research Center do not establish as a matter of law that he was fully capable of understanding the settlement agreement. Further, his acceptance of the paychecks, which he was entitled to under the Presidential Management Intern program and which are not mentioned in the settlement agreement, does not establish ratification of the agreement.

We therefore reverse the grant of summary judgment and remand to the district court.

REVERSED.

SKOPIL, Senior Circuit Judge, dissenting.

I am unable to agree with my colleagues, and accordingly, I dissent. The record indicates that Jones settled his employment dispute with NASA and agreed "not to pursue any new complaints, grievances, or appeals with any administrative or judicial forum." The district court not-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Jones does not challenge the district court's grant of summary judgment to defendant NASA, which is not a proper party. *See* 42

ed that in exchange for Jones's promise to drop his claims, NASA permitted Jones to return home without any further duties and continued to pay him until the end of his employment contract. After Jones received his last check, he instituted this pro se action, premised on his belief that he was not bound by the settlement agreement. I do not agree with the majority that there are disputed facts.

First, there is no dispute that Jones did not timely exhaust his administrative remedies. The district court correctly noted that Jones *admitted* he was aware of the alleged breach as early as July 2000. This admission is sufficient to permit the district court to conclude when Jones knew or should have known of an alleged breach, and accordingly, that he did not timely reinstate his administrative complaint.

Second, the district court correctly ruled that Jones ratified the settlement agreement by accepting the benefits of the agreement, namely, being released from work while continuing to receive pay. Moreover, Jones admitted that weeks after he signed the agreement, his condition improved and that he reread the contract and understood it. These are undisputed facts that, in my view, constitute ratification of the settlement agreement. Accordingly, I agree with the district court that Jones is bound by the terms and conditions of his settlement agreement.

I would affirm the judgment of the district court.

U.S.C. § 2000e–16(c) (head of agency is proper defendant in civil action alleging employment discrimination by the government).

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).